ERVIN, Judge.
Judith Mertens appeals a non-final order denying her motion for protective order in which she sought to exercise her right, under the Fourth and Fifth Amendments of the United States Constitution, to decline to produce documentation of certain transactions of her sole proprietorship, General Unlimited Leasing Factors (GULF). We treat the appeal as a petition for writ of certiorari, grant the petition, and quash the order below.
On June 3, 1991, the Department of Agriculture and Consumer Services, Division of Consumer Services (“division”), sued Mer-tens individually and doing business as GULF, alleging that she engaged in deceptive trade practices in violation of Section 501.204, Florida Statutes (1989), by, inter alia, placing advertisements in the yellow pages and newspapers under the category “loan,” which indicated that persons could obtain “quick cash” if they owned an automobile. Borrowers were told to execute three documents “required by law” in order to complete the “loan”: a Sales Agreement, Automobile Lease Agreement, and Purchase Agreement. In these contracts GULF agreed to purchase the customer’s vehicle, with the purchase price being the amount of the alleged loan, to lease the automobile to the customer for a monthly lease payment,[1] and to sell the vehicle back to the customer for the same “purchase price” which GULF had paid for the vehicle — the “loan” amount. The division alleged that customers believed they were obtaining loans, and they did not intend to transfer ownership of their cars; however, once they realized that the lease payments were not reducing the amount of principal owed on the loans, and that they could only get their cars returned by making lump-sum payments of the entire “loan” amounts, they alerted the division of such facts.
The division alleged that GULF repossessed “untold numbers of motor vehicles” from customers who failed to make the monthly payments or pay the lump-sum price. The division characterized the transactions as usurious, involving interest charges from 200 percent to 1,000 percent, and the operation as a deceptive and unfair practice, in violation of section 501.204. *91 The trial court granted the division’s motion for preliminary injunction, mandatory injunction, permanent prohibitory injunction, and appointment of a receiver. In its order, the trial court, among other things, directed petitioner to provide the division with “a full accounting of all transactions which have occurred within the past 36 months.” Mertens filed a motion for protective order in response to this directive, asserting that the court’s factual findings established violations of Florida law that carry criminal penalties, and that representatives from the Duval County State Attorney’s office had attended the eviden-tiary hearing and issued public statements indicating that a criminal investigation of Mertens was underway. Accordingly, Mer-tens stated that the order to produce a “full accounting” would compel her to produce incriminating evidence against herself. In a supplement to her motion, Mer-tens stated that Section 687.071(5), Florida Statutes (1989), declares that books of accounts or other documents recording extensions of credit are “contraband” and that a party who possesses or maintains such books is guilty of a crime. Mertens alleged that the compelled production of such books violated her Fourth Amendment right against an unreasonable search and seizure, as well as her Fifth Amendment right against self-incrimination. The trial court denied the motion for protective order, and this appeal/petition for writ of certiorari ensued.
We conclude that Mertens’ exercise of her Fifth Amendment privilege bars production of the evidence sought herein.[2] Although the parties focus on whether Mer-tens should be compelled to turn over books and records, the trial court’s order is not limited to production of books and records, but instead directs Mertens to provide an accounting of all business transactions during the previous three years. If Mertens is being ordered to assemble a report of such business dealings, this would fit squarely within the privilege against compelled self-incrimination. Mer-tens cannot be compelled to prepare an accounting of the past three years’ transactions, because she reasonably believes that this information could be used in a criminal prosecution, or could lead to evidence that could be so used. Kastigar v. United, States, 406 U.S. 441, 92 S.Ct. 1653, 32 L.Ed.2d 212 (1972) (Fifth Amendment privilege may be asserted in any proceeding, whether civil, criminal, administrative, etc., when a party reasonably believes the evidence produced could thereafter be used against him or her in a criminal prosecution, or could lead to such evidence).
If Mertens is being asked only to produce company books or records, we observe that while the contents of the records are not privileged, the act of producing the records is. In United States v. Doe, 465 U.S. 605, 104 S.Ct. 1237, 79 L.Ed.2d 552 (1984), the Supreme Court held that when business records of a sole proprietorship are prepared voluntarily, no compulsion is present; therefore, the contents of the records are not privileged. Nevertheless, if the act of producing the documents compels a defendant to admit that the records exist, that they are in his or her possession, and that they are authentic, the defendant cannot be compelled to produce them. Id. at 610-17, 104 S.Ct. at 441-44, 79 L.Ed.2d at 558-63. Accord Briggs v. Salcines, 392 So.2d 263 (Fla. 2d DCA 1980), review denied, 397 So.2d 779 (Fla.), cert. denied, 454 U.S. 815, 102 S.Ct. 92, 70 L.Ed.2d 84 (1981). In the case at bar, Mertens would be forced to admit any of these three points if she were to produce the records as ordered.
The division argues that the Fifth Amendment does not attach to records that are required to be kept by statute, citing Nach v. Department of Professional Regulation, Board of Medical Examiners, 528 So.2d 908 (Fla. 2d DCA 1988), and cases cited therein. The division points out that Section 516.12, Florida Statutes (1989), requires licensees to maintain books and *92 records that will enable the Department of Banking and Finance to ensure compliance with chapter 516, and claims that this brings this case within Nach. There is no allegation in the complaint or finding by the trial court, however, that Mertens or GULF were licensed by the Department of Banking and Finance in the business of consumer finance loans, and, in fact, the division only says in its brief that Mertens “should” have been licensed. Although we agree that the principle articulated in Nach would defeat Mertens’ exercise of the privilege if it were shown that she was required by law to keep the documents, the record does not support such a conclusion.
The division also makes reference to section 687.071(6), dealing with criminal usury, loan sharking, and shylocking, which provides that no person shall be excused from producing books or records on the basis of the privilege against self-incrimination, and grants immunity from prosecution arising out of the production of such documents or records. Again, this statute does not establish a basis for ordering Mertens to turn over company books and records. Subsection (6) provides that the privilege against self-incrimination may not be asserted “before any court upon any investigation, proceeding, or trial, for any violation of this section.” (Emphasis added.) The administrative complaint at bar only charges Mertens with violating section 501.204, and there is nothing in the record that indicates that Mertens is the target of an investigation under section 687.071, much less that that statute is at issue in this case. Although it is reasonable for Mertens to believe that she might eventually be subject to criminal prosecution under section 687.071, subsection (6) cannot be used to anticipatorily prohibit Mertens from exercising her Fifth Amendment right before the division, nor to provide some kind of automatic use immunity in this proceeding.
Accordingly, we GRANT the petition for writ of certiorari, QUASH the order denying Mertens motion for protective order, and REMAND for further proceedings consistent with this opinion.[3]
SMITH and ALLEN, JJ., concur.

. A typical purchase price/loan amount would be in the amount of $2,000.00, and the monthly lease payment $340.00.

. Mertens did not address any aspect of the Fourth Amendment claim in her brief on appeal, and in light of our conclusion regarding her right under the Fifth Amendment, it is unnecessary for us to address the Fourth Amendment as it applies to this case.

. We wish it understood that our issuance of the writ is without prejudice to the division’s right to file an amended complaint complying with statutory provisions permitting the production of documents under the circumstances therein delineated.